Filed 12/16/21  P. v. Titman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092600 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE000405) |
| v. | |
| JAMES TITMAN, | |
| Defendant and Appellant. | |

Defendant James Titman appeals from judgment entered after his resentencing on remand.  As we next explain, we will affirm the judgment.

**BACKGROUND**

A jury found defendant guilty of multiple charges related to resisting a peace officer, and found true three prior prison term enhancements.  The enhancement at issue in this appeal resulted from defendant's 1995 conviction for two counts of committing a lewd or lascivious act on a person under the age of 14 years.  (Pen. Code, §§ 667.5, subd. (b), 288, subd. (a).)

1

Defendant's case was not yet final when Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136) took effect in January 2020 and amended the Penal Code such that this enhancement applied only if the prior prison term was served for a "sexually violent offense" as defined in the Welfare and Institutions Code, section 6600, subdivision (b).[1]  (Pen. Code, § 667.5, subd. (b).)  Accordingly, when adjudicating defendant's direct appeal, we struck two of his prior prison term enhancements and, because we also reversed a count of conviction and remanded for full resentencing, we directed the trial court to determine whether the remaining prior prison term resulted from a sexually violent offense.  (*People v. Titman* (Feb. 5, 2020, C085354) [nonpub. opn.].)

In August 2020, the trial court held a resentencing hearing and found that defendant's prior conviction qualified as a sexually violent offense without regard to the underlying factual basis, as we describe in more detail *post*.  The court imposed the one-year enhancement as part of an aggregate seven-year state prison sentence.  Defendant timely appealed.  Tthe case was fully briefed on June 8, 2021, but was not assigned to this panel for review until August 31, 2021.

On appeal, defendant challenges only the trial court's classification of his prior conviction under Penal Code section 288, subdivision (a) as a sexually violent offense and resulting imposition of the one-year enhancement.

## DISCUSSION

We review de novo the proper interpretation of a statute.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  Our fundamental task is to "ascertain the Legislature's intent in order to effectuate the law's purpose.  We must look to the statute's words and give them their 'usual and ordinary meaning.'  [Citation.]  'The statute's plain meaning controls the

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent.' " (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572.)

As amended by Senate Bill No. 136, Penal Code section 667.5, subdivision (b) now provides: "[T]he court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."

Section 6600, subdivision (b) in turn, provides: " 'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, and that . . . result in a conviction [for] a felony violation of Section 261, 262, 264.1, 269, 286, 287, 288, 288.5, or 289 of, or former Section 288a of, the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 287, 288, or 289 of, or former Section 288a of, the Penal Code."

The dispute in this case arises from the fact that, although the list of qualifying statutes clearly encompasses defendant's crime of conviction (listing Pen. Code, § 288 without regard to any subdivisions), section 6600, subdivision (b) adds that the listed crimes constitute sexually violent offenses specifically "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person." Here, the trial court did not adjudicate whether defendant's prior conviction met the definition of "sexually violent offense" as set forth above in section 6600, subdivision (b). Instead, the trial court considered a different statute, section 6600.1, and that statute's effect on the definition of sexually violent offenses contained in section 6600, subdivision (b).

3

Section 6600.1 provides that: "If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is a child under the age of 14, the offense shall constitute a 'sexually violent offense' for purposes of Section 6600."

The trial court opined in relevant part that: "Section 6600.1 seems to make it quite clear that the crime of Penal Code Section 288 Subdivision (a) by virtue of the fact that it necessarily involves a child under the age of 14 qualifies as a sexually violent offense under 6600 Subdivision (b)." Thus, that court found the factual basis of defendant's Penal Code section 288 conviction need not be separately found to include force or violence to be encompassed by the crimes of conviction to which the one-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b)) still applies, because 6600.1 explicitly provided for its inclusion therein.

Defendant makes several short arguments, none separately headed, that we should not reach the same conclusion as did the trial court. He first contends that because his crime was not *actually* committed by violence or force, it does not meet the definition contained in section 6600, subdivision (b). But that is irrelevant, because if indeed section 6600.1 is properly considered to classify defendant's crime of conviction as a "sexually violent offense" *as described by section 6600*, regardless of the *actual* use of force or violence if the victim is under 14, then actual deployment of force is not required. We need not consider the facts of defendant's case to determine the proper interpretation of the statutes at issue.

Defendant next argues that sections 6600 and 6600.1 define sexually violent offenses differently, with the latter containing the broader definition. Consequently, he contends that when amending Penal Code section 667.5, subdivision (b), "the Legislature specifically chose the narrower definition found in section 6600," because section 6600.1 is not referenced by Penal Code section 667.5, subdivision (b). But if indeed the definition in section 6600.1 expressly applies to section 6600, as the plain language of that section shows, the Legislature was entitled to assume that the scope of section 6600,

4

subdivision (b) automatically includes the definition in section 6600.1.  As such, it was unnecessary to specifically reference section 6600.1 in Senate Bill No. 136 and the amended Penal Code section 667, subdivision (b).

In a related argument, defendant posits that section 6600.1 "was added to create a *separate and distinct* definition of sexually violent offense" and notes that prior to the enactment of section 6600.1, "a sexually violent offense was one committed by force or violence.  (§ 6600.)  In enacting section 6600.1, the Legislature declared that any enumerated offense committed against a child under the age of 14, and committed with 'substantial sexual conduct' was also a sexually violent offense. (See Stats. 1996, ch. 461, § 3.)  Thus, in enacting section 6600.1, the Legislature expressly intended to create a different and additional definition of 'sexually violent offense' than the one already defined in section 6600."  Again, this argument ignores the explicit reference to section 6600 contained in section 6600.1, providing that if the listed offense is committed against a child, "the offense shall constitute a 'sexually violent offense' *for purposes of Section 6600.*"

Defendant further contends (without citing any authority) that section 6600.1 applies only to the Sexually Violent Predator Act.  However, as the Attorney General points out, both sections at issue here are contained in that same act, and nothing in those sections' language suggests a different application from one section to the other.  Indeed, section 6600.1 *explicitly references section 6600 twice* and provides for the inclusion of factually non-violent convictions involving sexual acts with children to the definition of "sexually violent offense" contained in that section.

Finally, defendant notes that section 6600.1 was enacted *after* his 1995 conviction; thus, he "could not have served a prison sentence . . . under section 6600.1 since that section did not exist in its current form" until after he had served his sentence.  As noted by the Attorney General, defendant's cited authority is not on point, as the cited case involved a statute that explicitly provided it was only to be applied to events that

5

occurred on or after the date the statute became effective (see *People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1317), and that is not the situation here.  Further, section 6600, subdivision (b) makes clear that its definition of sexually violent offenses includes acts "that are committed on, *before*, or after the effective date of this article and result in a conviction."  (Italics added.)  Moreover, the amended Penal Code section 667.5, subdivision (b) incorporates the current statutory definition of sexually violent offense in section 6600, subdivision (b).

Defendant's arguments fail to persuade; the plain language of the code sections at play here indicate that defendant's conviction pursuant to Penal Code section 288, subdivision (a) qualifies as a prior prison term enhancement under the amended Penal Code section 667.5, subdivision (b).

## DISPOSITION

The judgment is affirmed.


          /s/
    Duarte, Acting P. J.


We concur:


   /s/
Renner, J.


   /s/
Krause, J.


6